**SOL KAHANER & BRO., Appellant,**

**v.**

**UNITED STATES, Appellee.**

**Customs Appeal No. 74–24.**

United States Court of Customs and Patent Appeals.

Feb. 13, 1975.

Siegal, Mandell & Davidson, New York City, attys. of record, for appellant; Allan H. Kamnitz, Stephen S. Weiser, New York City, of counsel.

Carla A. Hills, Asst. Atty. Gen., Andrew P. Vance, Chief Customs Section, Velta A. Melnbrencis, New York City, for the United States.

Before MARKEY, Chief Judge, and RICH, BALDWIN, LANE and MILLER, Associate Judges.

MARKEY, Chief Judge.

This is an appeal from the judgment of the United States Customs Court, 71

Cust.Ct. 97, C.D. 4480, 372 F.Supp. 1393 (1973), overruling appellant's protest of the classification of certain imported textile products under Item 357.70, TSUS, as "[e]dgings, insertings, galloons, fringes, and other trimmings." We affirm.

Appellant claims the proper classification of the merchandise to be under Item 703.95 TSUS as "[n]onelastic braids and other nonelastic braided materials suitable for making or ornamenting headwear." The Customs Court specifically found that the merchandise, though suitable for making or ornamenting headwear, was neither braid nor braided material. Because we agree with the Customs Court that the merchandise at bar is outside the purview of "braids" or "braided materials" as used in TSUS, we adopt the Customs Court's well-reasoned opinion as our own.

The following comments are occasioned by the arguments made here:

■ The legislative history found in the Tariff Classification Study, Schedule 3 (1960), establishes that the term "braids" had several meanings prior to the 1963 amendment. The parties concur in the present definition of "braids" as an article of "maypole construction" wherein at least three lengths of material are diagonally intertwined. The merchandise before us is not of maypole construction and is not, therefore, braid.

Appellant argues that Congress' use of both "braided materials" and "braids" requires that the terms have different meanings. Appellant further argues that the amendment to the Tariff Act deleting "in part of braids" and adding "braided materials" was a change of language without a change of meaning.

That the two terms have different meanings does not aid appellant. Because the noun "materials" is modified by the adjective "braided," which in turn requires maypole construction, we conclude that "braided materials" must be formed of elements which themselves have a maypole construction. Whether the tassels of the imported merchandise are so constructed would thus be imma-terial. That braid is a minor component of the instant merchandise does not require classification of the merchandise as braided material. The deletion of "in part of braid" resulted from its difficulty in application and its tendency to cause classification of goods on the basis of unimportant components often present in insignificant amounts. We find no support in the statute or its legislative history for the propositions that the amendment was a mere language change or that braided material is to be construed as material in part of braid.

■ Finally, we are asked to allocate the cost of printing the portion of the record ordered by appellee. We agree with appellee that the portion of the record in question constitutes essential, relevant, and pertinent testimony and conclude that the cost of printing the entire record should be borne by appellant.